## Ramsey v. Chesapeake & Ohio Railway Company.

(Decided October 23, 1917.)

### Appeal from Pike Circuit Court.

1. Master and Servant—Injury to Servant—Negligence—Evidence.— Evidence held insufficient to show that a defect in a brake on a lever car by which plaintiff was run over was the proximate cause of his injury.

2. Appeal and Error—Evidence—Exclusion—Prejudicial Error.— Where in a servant's action for personal injuries, the trial court directs a verdict in favor of the defendant, the improper exclusion of evidence is not prejudicial error, when, if it had been admitted, plaintiff still would have failed to make out his case.

W. K. STEELE and J. S. CLINE for appellant.

M. C. KIRK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 167 Ky. 92, 180 S. W. 38, where the facts are fully stated. On the first trial plaintiff recovered a verdict and judgment against the railway company for $2,000.00. The judgment was reversed because the evidence was insufficient to show that a defect in the brake on a lever car by which plaintiff was run over, was the proximate cause of his injury. On the next trial, the court directed a verdict in favor of the railroad company. Plaintiff appeals.

For purposes of this appeal, it is sufficient to state that plaintiff and other section hands were on a lever car. In front of the lever car was a push car having no apparatus for propelling it. A train approached and the two cars were set off the track. As they approached Shelby Station, they saw the train that had passed and

began to slacken the speed of the lever car. When this was done, the push car in front began to pull ahead. Plaintiff then stepped on the push car and when it reached a point twenty-five or thirty feet from the lever car, someone directed him to stop the push car. Thereupon plaintiff stepped from the push car and took a position between it and the lever car for the purpose of stopping the push car. The day was snowy and wet and as plaintiff took hold of the push car, he slipped and fell and the lever car ran over him and injured him.

On the first trial, plaintiff and his witnesses testified that plaintiff was from fifteen to thirty feet from the lever car when he slipped and fell. There was also evidence to the effect that the brake on the lever car was defective, and plaintiff himself testified that if the car had been equipped with a proper brake it could have been stopped in time to avoid running over him.

In considering this evidence on the former appeal, the court said:

"Plaintiff offered no evidence other than the above to show that the defective brake was the proximate cause of his injuries, if this can be considered as offering to show such fact. There was no evidence offered by plaintiff as to the speed at which the lever car was moving at the time he slipped and fell, nor as to the time in which such a car, equipped with proper brake, running at a given rate of speed, could be stopped. Nor did plaintiff offer to show the grade or condition of the track at the time and place of the injury; nor that any attempt was made to use the brake and that it failed to perform. There was therefore a total failure upon the part of the plaintiff to show that the negligence of the defendant in failing to repair the brake of the lever car was the proximate cause of the injuries sustained by him, and the trial court should have granted the defendant's motion, made at the close of the plaintiff's evidence, to direct a verdict for it."

On the second trial, there was evidence that the brake was defective and plaintiff himself testified that the lever car was going at the rate of two or three miles an hour, and had it been equipped with a proper brake, it could have been stopped within three or four feet in dry weather, and within five or six feet if the weather was bad and the track was slippery. He further stated that he was from twenty-five to thirty feet from the lever car when he stepped off the push car and fell. Other

witnesses fixed the speed of the lever car at a higher rate and its distance from plaintiff a little less than that fixed by plaintiff.

It is insisted that the foregoing evidence was sufficient to take the case to the jury. In considering this question, it must be remembered that the defect in the brake was the only ground of negligence relied on. In order to show that the defective brake was the proximate cause of the injury, it was necessary to prove not only that the lever car, if equipped with a proper brake, could have been stopped in time to avoid the injury, but the additional fact, as pointed out in our former opinion, that an "attempt was made to use the brake and that it failed to perform." We have carefully read all the evidence in the case and we fail to find where a single witness testified that any effort was made by the men on the lever car to stop the car by using the brake. A failure of proof in this respect being fatal to a recovery, it follows that the trial court properly directed a verdict in favor of defendant.

A reversal is also asked because of the exclusion of certain evidence. We find, however, that the offered evidence either related to the defective condition of the brake, or bore on the question of who was in charge of the crew in the absence of the regular foreman, and therefore did not supply the missing link in plaintiff's case. Under these circumstances, its rejection, even if improper, was not prejudicial error, for if it had been admitted, still plaintiff would have failed to make out his case.

Judgment affirmed.